**Anthony Wayne McCANLESS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 15944.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1972.

Rehearing Denied Sept. 21, 1972.

Richard L. Petronella, Houston, for appellant.

Carol S. Vance, Dist. Atty., Timothy P. Alexander, Gerald R. Flatten, Asst. Dist. Atty., Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment declaring appellant, Anthony Wayne McCanless, to be a delinquent child. Appellee filed a petition on July 16, 1971 seeking to declare appellant a delinquent child. The petition alleged that appellant was between the ages of 10 years and 17 years and had committed burglary with intent to commit theft on or about July 7, 1971. At trial appellant signed a stipulation of evidence and confession to the charges. The appellant admitted to the court that he committed the offense and that he was not coerced into signing the stipulation of evidence and he was made no promise to induce him to make the stipulation. The following then transpired:

"COURT: Do you understand that if the Court accepts this Stipulation of Evidence, the Court can declare you to be a delinquent child, or place you in a private school or commit you to the Texas Youth Council where you may possibly stay until you are twenty-one years of age?

"RESPONDENT: Yes, sir.

"COURT: Do you still want the Court to accept this Stipulation of Evidence?

"RESPONDENT: Yes sir."

The appellant took the stand and admitted breaking into the K-Mart building and stealing a truck as well as missing school without permission. Appellee offered in evidence the Harris County Probation De-

partment Report which recommended that the case be taken under advisement by the Court. Appellant made no objection to admission of the report. The court did decide to take the case under advisement and placed appellant in the temporary custody of his parents. The judge further stated:

"I can assure you, son, if you go out and get in more trouble, the State will move for judgment in this case, and the Court will consider at that time sending you to the Texas Youth Council. Do you understand?"

On December 6, 1971, appellee filed a motion for final judgment which did not specifically allege any new acts of misconduct but stated: ". . . that subsequent to the Court's continuation of the above numbered cause on its docket it has become necessary that the Court enter an adjudication for the best interest of the said Anthony Wayne McCanless."

Appellant filed a Special Exception to the State's Motion for Final Judgment dated January 3, 1972 which complained of generalities in the States' motion and requested that the Court compel the State to set forth particular reasons why final judgment should be entered so that appellant could answer, reply to, or defend against the allegations in the motion. The court denied appellant's Special Exception on January 5, 1972, and granted appellee's motion for final judgment declaring appellant to be a delinquent child. Appellee then offered a second Harris County Juvenile Probation Department report into evidence which recommended that appellant be declared delinquent and placed into the parents' custody. Appellant made no objection to admission of the report. Counsel for appellant, after appellant had been adjudged a delinquent, pointed out to the court that he thought he would be allowed to put on evidence when the State made its motion for final judgment, but the court replied that the case was closed on the merits at the hearing when it was taken under advisement. The court placed appellant on probation, subject to the rules and regulations of the Harris County Probation Department, and in the custody of his parents.

▮ Appellant's first point of error is that the

"Failure to provide appellant with advance factual notice of the specific charges against him or any allegations of misconduct or behavior when appellee sought to terminate appellant's advisement period and moved the court to enter a final judgment was a denial of due process of law."

Appellant is correct in stating that due process of law requires notice which would be deemed constitutionally adequate in a civil or criminal proceeding. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In Gault the court stated:

"Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.'"

Appellant admits in his brief that the original petition alleged burglary with intent to commit theft and set out the required factual particulars. Appellant's complaint of lack of notice of factual allegations is directed only to appellee's motion for final judgment. If the appellee's motion were asking for final judgment on the basis of some new allegations of misconduct, then appellant would be proper in requesting adequate notice of the allegations under due process of law. However, the record shows no new allegations were asserted in the motion for final judgment. The motion states, "that subsequent to the court's continuation of the above numbered cause on its docket it has become necessary that the Court enter an adjudication." Appellant is only speculating that this language indicates that subsequent acts of misconduct have occurred.

Vernon's Tex.Rev.Civ.Stat.Ann. art. 2338–1 § 13(a) (1971) provides in part: "The judge may conduct the hearing of any case in an informal manner and may adjourn the hearing from time to time." In the instant case the court adjourned the hearing by taking the case under advisement. The State later moved for final judgment. The court considered and denied appellant's special exception to this motion and declared appellant to be delinquent. There is no intimation that the court considered any new evidence or new allegations in arriving at its judgment of delinquency. The second report of the Harris County Probation Department was not admitted into evidence until after the court's declaration of delinquency. There is no evidence that the court considered this report in making its decision to grant the motion for final judgment and declare appellant a delinquent. Appellant admits this in his brief. It is clear that the Stipulation of Evidence signed by appellant and his further admissions in court were sufficient evidence to support the court's declaration of delinquency. Appellant made no offer of a defense to the merits and does not contend that the undisputed evidence does not establish delinquency. The second report alleges no new grounds that if true would make appellant a delinquent child. Since the record fails to show that any new acts of misconduct were either alleged or considered by the court after the original hearing, there is no need for a full hearing on whether the advisement period should be terminated.

■ Appellant's second point of error, that appellant was denied effective assistance of counsel, is also overruled. The record shows that appellant was represented by counsel, but appellant claims that he was denied effective assistance of counsel, because he was not made aware of the reason for terminating appellant's advisement status and was not permitted to present evidence urging a continuation of appellant's advisement status. These contentions are based upon the assumption that appellant's advisement status was terminated on grounds of misconduct that occurred subsequent to the original hearing which would be independent grounds for declaration of delinquency. It has already been discussed above that the record does not establish this assumption.

Affirmed.